IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JUNIOR LEE BASS, # 71749**                                                    **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 5:13cv55-KS-MTP**

**JUDGE ISADORE PATRICK**                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Junior Lee Bass is incarcerated with the Mississippi Department of Corrections and brings this action challenging his conviction and life sentence for murder. He seeks damages and immediate release. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

According to the Complaint, Bass is currently confined at South Mississippi Correctional Institution, serving a life sentence for murder. He alleges that Defendant Judge Isadore Patrick presided over the criminal trial. Bass contends that he was unlawfully convicted in 1995, because, among other things, Judge Patrick was allegedly biased. According to Bass, Judge Patrick knew and dated Bass's aunt in high school, when she allegedly broke up with Judge Patrick. Bass claims to have found out about the alleged bias some time after his conviction. He additionally claims that he was framed, he was not present when the jury was chosen, it was an all white jury, there was no evidence of the cause of death, Judge Patrick allegedly made prejudicial remarks to the jury, and Bass was sentenced without a jury. He seeks damages and immediate release.

## DISCUSSION

§ 1983

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Bass to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Bass proceeds under § 1983, for damages against Judge Patrick, for an alleged wrongful conviction and sentence. A § 1983 claim that challenges the fact or duration of a state sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

2

make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Bass challenges the fact of both his conviction and sentence on procedural and substantive grounds. Substantively, he claims he was framed and there is insufficient evidence to support the murder conviction. Procedurally, he claims Judge Patrick should have recused, prejudiced the jury, chose the jury in Bass's absence, allowed an all white jury, and sentenced Bass to life without parole without the jury present. Success on his claims will necessarily invalidate his state conviction or sentence. Therefore, the claims may only proceed if he proves the conviction or sentence calculation have already been invalidated. He admits that the calculation still stands, as he simultaneously requests release. Therefore, it is clear that the conviction and sentence have not yet been reversed or otherwise invalidated.

Because the conviction and sentence have not yet been invalidated, Bass is precluded by *Heck* from challenging them in this § 1983 civil action at this time. The claims are dismissed with prejudice for failure to state a claim, until such time as he successfully has the conviction and sentence invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

HABEAS

Construing Bass's *pro se* Complaint liberally, the Court finds Bass is also making a habeas claim under 28 U.S.C. § 2254. This is because he also asks for immediate release.

Bass has previously filed a petition for habeas relief in this Court challenging the same conviction, in *Bass v. Booker*, No. 5:98cv194-BrS (S.D. Miss. Oct. 30, 2000). The Court entered a Final Judgment, which dismissed the case with prejudice on October 30, 2000. Bass appealed, and the Fifth Circuit Court of Appeals dismissed the appeal for lack of prosecution on July 26, 2001. *Bass v. Booker*, No. 01-60047 (5th Cir. July 26, 2001).

A petitioner who is filing a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit has "defined a 'second or successive' petition as one that '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

The grounds Bass now raises were either raised previously, or were available to him, when he filed his first Petition. Therefore, the Court finds the instant habeas claims to be successive within the meaning of Section 2244(b)(3)(A). Bass has not demonstrated that he obtained the required authorization to file this successive § 2254 Petition from the Fifth Circuit. Therefore, the Court declines to construe the Complaint as a Petition for Writ of Habeas Corpus. The habeas claims are therefore dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, that this case should be, and is hereby **DISMISSED**. The § 1983 claims are hereby dismissed with prejudice for failure to state a claim until such time as the conviction and sentence are invalidated. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). The habeas

claims are dismissed without prejudice.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 4th day of September, 2013.

*s/ Keith Starrett*

UNITED STATES DISTRICT JUDGE